IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CARMELA ROMERIO,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA BOULDER JUSTICE COURT, et al.,<br><br>Defendants. | CV 25-73-H-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Carmela Romerio ("Plaintiff"), appearing before this Court pro se, filed a complaint and motion for leave to proceed in forma pauperis on October 22, 2025. (Docs. 1, 2.) On May 13, 2026, the Court granted Plaintiff's motion to proceed in forma pauperis, but found the complaint she submitted failed to state a claim. (Doc. 9.) The Court, therefore, gave Plaintiff an opportunity to amend her complaint. (*Id.*) Plaintiff was directed to file an amended complaint by June 12, 2026. (*Id.*)

Plaintiff did not file an amended complaint. On June 15, 2026, the Court ordered Plaintiff to show cause on or before June 29, 2026, why this action should not be dismissed for failure to prosecute. (Doc. 10.) As of today's date, no Amended Complaint has been filed and there has been no further docket activity in this case.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Failure to comply with a court order constitutes its own grounds for dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).

In determining whether to dismiss a case in such circumstances, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id. See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is [also] a proper ground for dismissal.").

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This matter has been pending since October 2025, but a complaint has not yet been served on the Defendants. Plaintiff has not responded to the Court's Orders to amend her complaint, or to show cause why she has not done so. Accordingly, this factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639,

642 (9th Cir. 2002). The Court cannot manage its docket if Plaintiff refuses to comply with the Court's orders. Plaintiff's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the defendants. A rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Plaintiff was given leave to amend her complaint and failed to do so. Rather than dismissing this case after Plaintiff missed the deadline to amend her complaint, this Court ordered Plaintiff to show cause. After the deadline to show cause passed, this Court afforded Plaintiff additional time before entering this Order. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F.3d 393,

399 (9th Cir. 1998). But, in light of the other four factors favoring dismissal, the weight of this factor is slight. Moreover, Plaintiff has not presented claims that are cognizable in federal court, so resolution of the merits of Plaintiff's claims, as pled, is not possible.

Based on the foregoing, it is **RECOMMENDED** that this case be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court within fourteen (14) days after entry hereof, or objection is waived. D. Mont. Local Rule 72.3.

**IT IS ORDERED**.

DATED this 16th day of July, 2026.

TIMOTHY J. CAVAN
United States Magistrate Judge